# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

GEORGE TYSON,

         Plaintiff,

  -against-

DOLLAR TREE STORES, INC.,

         Defendant.

------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates QUEENS County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiff resides at:
109-36 141st Street
Jamaica, NY 11435
County of Queens

**To the above named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx New York
    June 30, 2022

Yours, etc.

ALPERT, SLOBIN & RUBENSTEIN, LLP

By:_____
    GARY SLOBIN
Attorneys for Plaintiff
Office & P.O. Address
2890 Randall Avenue
Bronx, New York 10465
718-829-8800

TO: DOLLAR TREE STORES, INC.
    131-09 101 Street
    S. Richmond Hill, New York 11419

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
                                                Index No.:
GEORGE TYSON,

                            Plaintiff,        **COMPLAINT**

               -against-

DOLLAR TREE STORES, INC.,

                            Defendant.
-------------------------------------------------------------------X

      Plaintiff, George Tyson, by his attorneys, Alpert, Slobin & Rubenstein, LLP, complaining of the defendant set forth and allege as follows:

      1.    At all times hereinafter mentioned, plaintiff, George Tyson was and still is a resident of County of Queens, State of New York.

      2.    Upon information and belief at all times hereinafter mentioned, defendant, Dollar Tree Stores, Inc. was and still is a foreign business corporation duly authorized to do business in the State of New York, having an office for the transaction of business in the County of Queens, State of New York.

      3.    At all times hereinafter mentioned, defendant, Dollar Tree Stores, Inc. have registered service marks and having a department store located at 131-09 101st Street, S. Richmond Hill, New York 11419

      4.    Upon information and belief at all times hereinafter mentioned and on December 14, 2021, defendant, Dollar Tree Stores, Inc., owned premises known and designated as 131-09 101st Street, County of Queens, State of New York.

      5.    Upon information and belief at all times hereinafter mentioned and on December 14, 2021, defendant, Dollar Tree Stores, Inc., by its agents, servants and/or employees operated

premises known and designated as 131-09 101st Street, County of Queens, State of New York.

6. Upon information and belief at all times hereinafter mentioned and on December 14, 2021, defendant, Dollar Tree Stores, Inc., by its agents, servants and/or employees leased premises known and designated as 131-09 101st Street, County of Queens, State of New York.

7. Upon information and belief at all times hereinafter mentioned and on December 14, 2021, defendant, Dollar Tree Stores, Inc., by its agents, servants and/or employees managed premises known and designated as 131-09 101st Street, County of Queens, State of New York.

8. Upon information and belief at all times hereinafter mentioned and on December 14, 2021, defendant, Dollar Tree Stores, Inc., by its agents, servants and/or employees controlled premises known and designated as 131-09 101st Street, County of Queens, State of New York.

9. Upon information and belief at all times hereinafter mentioned and on December 14, 2021, defendant, Dollar Tree Stores, Inc., by its agents, servants and/or employees maintained premises known and designated as 131-09 101st Street, County of Queens, State of New York.

10. That said defendant operated, controlled and maintained the aforementioned premises as a retail store open to members of the public, for lawful purposes intended therein.

11. Defendant by its agents, servants and/or employees had a duty to maintain the aforementioned premises in a reasonably safe condition for members of the public including the plaintiff herein, George Tyson, who was invited therein for the purposes of purchasing sundries and other merchandise.

12. That on December 14, 2021, plaintiff, George Tyson was caused to fall and be precipitated to the ground due to a defective rug at the entranceway of the aforementioned premises.

13. That the accident and injuries resulting therefrom were caused solely by reason of the

negligence of the defendant, by its agents, servants and/or employees, and without any negligence on the part of the plaintiff, George Tyson contributing thereto.

14. That defendant, by its agents, servants and/or employees was reckless, careless and negligent in the ownership, operation, maintenance and control of said premises and in failing to maintain the premises in a reasonably safe condition.

15. That solely by reason of the negligence of the defendant as aforesaid, plaintiff, George Tyson, became sick, sore, lame and disabled and still remains and still suffers; was caused to suffer great pain and mental anguish; sustained injuries in and about his body, arms and limbs, including a fracture left hip, injuries to soft tissues and ligaments; was obligated to expend sums of money for hospital and medical treatment; was caused to limit and curtail his activities; was caused to spend periods of time at home and in a hospital in an effort to enable his injuries to heal, and upon information and belief, will continue to suffer the results of severe personal injuries for an extended period of time.

16. That this action falls within one or more of the exceptions set forth in CPLR §1602, and more specifically § 1602(2)(iv), in that defendants' duty to maintain their premises was non-delegable.

17. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendant in an amount to be determined by the trial of this action together with costs and disbursements of this action.

Yours, etc.

ALPERT, SLOBIN & RUBENSTEIN, LLP

Dated: Bronx, New York
June 30, 2022

By: _____
Gary Slobin
Attorneys for Plaintiff
Office & P.O. Address
2890 Randall Avenue
Bronx, New York 10465
718-829-8800

TO: DOLLAR TREE STORES, INC.
131-09 101 Street
S. Richmond Hill, New York 11419